# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

HOMER JENKINS,

        Petitioner,   :    Case No. 1:23-cv-560

- vs -                        District Judge Michael R. Barrett
                                Magistrate Judge Michael R. Merz

WARDEN, Lancaster Correctional
  Institution,

                                         :

        Respondent.

## ORDER GRANTING *IN FORMA PAUPERIS* STATUS; REPORT AND RECOMMENDATIONS

This habeas corpus action, filed *pro se* by Petitioner Homer Jenkins, seeks relief from his conviction for complicity to commit burglary in the Lawrence County Court of Common Pleas.

Petitioner has not tendered the five dollar filing fee but in the interest of judicial economy, the Court *sua sponte* grants him permission to proceed *in forma pauperis*.

The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Proceedings. Under Rule 4 the Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270,

275 (1971). From the Petition, it appears Petitioner has not yet exhausted the remedy of direct appeal; he indicates he is in the process of a direct appeal as of the date of filing (ECF No. 1, PageID 7). He must complete that appeal, including seeking review by the Supreme Court of Ohio if he is unsuccessful at the appellate court level. If he has constitutional claims that must be supported by evidence outside the record, he must also exhaust his remedy of a post-conviction petition under Ohio Revised Code § 2953.21 and any appeals from an adverse decision in the trial court. Finally, if he has a claim of ineffective assistance of appellate counsel, he must raise that claim by an application to reopen his appeal under Ohio R. App. P. 26(B).

Because this Court cannot consider the case until the state court process is completed, the Magistrate Judge respectfully recommends the Petition be dismissed without prejudice to it refiling when the state process is complete.

September 7, 2023.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
